**CLEVELAND & MAHONING VALLEY COACH CO v FLAVELL, Admr.**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 3, 1928

Leighninger & Church, Youngstown, for Coach Co.

Anderson & Lamb, Youngstown, for Flavell.

POLLOCK, J.

The defendant calims that the statement made in behalf of the plaintiff at the opening of the case to the jury was not proper. It was claimed that the attorney making the statement was arguing the case. The objection is just general. No part of this statement is called to the attention of the court that was desired to be excepted to and asked the court to caution the jury. The exception was too general, and, in fact, we do not see any great transgression of the rule in the statement.

The next error complained of is in the admission of the life insurance table of expectancy of life. This was objected to by the defendant and overruled, and it is urged that this was error on the ground that taking into consideration the character of the defendant's work, that he would not be able to continue to work during his entire expectancy of life.

In the case of **Vicksburg, et al Ry Co. v Putnam, 118 U. S.**, beginning on page 546, in a case involving damages for injury and death, the Supreme Court said:

"The standard of life and annuity tables are competent evidence for the consideration of the jury, but not absolute guides to control their decision."

This testimony was competent and there was no error in its admission.

The next error complained of is in the court refusing to give defendant's request No. 5. This request embodied the proposition that the jurors must not be swayed by sympathy for the injured party nor by passion and prejudice against the defendant. It is sufficient to say that this is not asking the court to so charge a legal proposition involved in the case. It is simply a cautionary provision and we do not think it was mandatory on the court to give such a request, and there was no error in the refusal.

The next error claimed of is that the verdict is excessive. Under the tables of annuity presented the deceased had an expectancy of life of over thirty years. He was earning something like $3600.00 a year when the injury occurred which took his life. In addition to the tables of expectancy of life there is testimony as

to his physical condition and his ability to earn. If he had lived out near his expectancy, the amount that he would earn reducing it by proper proportion of the amount required to support himself would have been much greater than $25,000. It is true that this $25,000 would be paid at the beginning of this expectancy and not distributed through the years, but we can not say that $25,000 is more than the cash value of his life to his wife and children, and the judgment is affirmed.

Farr and Roberts, JJ, concur.